U. S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - LAKE CHARLES

SEP 2 9 2008

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| WILLIAM HENRY WHITE | : | DOCKET NO. 2:08-cv-1122 |
| | | SEC. P |
| VS. | : | JUDGE TRIMBLE |
| MAJOR RAGLE, ET AL. | : | MAGISTRATE JUDGE KAY |

## ORDER

Pro se plaintiff William Henry White filed a petition alleging a violation of his civil rights pursuant to 42 U.S.C. § 1983 on July 29, 2008 and amended that complaint on August 25, 2008. Docs. 1, 3. As relief, plaintiff requests to be transferred from Phelps Correctional Center to Hunt Correctional Center and also requests punitive damages.

On September 22, 2008, plaintiff filed a Motion for Temporary Restraining Order/Preliminary Injunction [Doc. 7] in which he asks this court to issue a preliminary injunction ordering that defendants transfer him to Hunt Correctional Center or to order defendants to show cause why plaintiff should not be transferred. In this Motion, plaintiff also asks the court to order that a surgical operation to help his breathing be performed and to order that he be given medication to aid his breathing. *Id.* Finally, plaintiff asks the court to order service of process on the named defendants. *Id.*

Section 1983 authorizes a "suit in equity, or other proper proceeding for redress," against any person who, under color of state law, "subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the

1

Constitution." *Nelson v. Campbell*, 541 U.S. 637, 643, 124 S. Ct. 2117, 2122, 158 L. Ed. 2d 924 (2004). "[C]onstitutional claims that . . . challenge the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief, . . . may be brought pursuant to § 1983." *Id.*

Where a prisoner brings a § 1983 claim requesting injunctive relief:

> The Prison Litigation Reform Act of 1995 . . . imposes limits on the scope and duration of preliminary and permanent injunctive relief, including a requirement that, before issuing such relief, "[a] court shall give substantial weight to any adverse impact on . . . the operation of a criminal justice system caused by the relief." 18 U.S.C. § 3626(a)(1); accord, § 3626(a)(2). It requires that inmates exhaust available state administrative remedies before bringing a § 1983 action challenging the conditions of their confinement. 110 Stat. 1321-71, 42 U.S.C. § 1997e(a) ( "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted"). The Act mandates that a district court "shall," on its own motion, dismiss "any action brought with respect to prison conditions under section 1983 of this title ... if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." § 1997e(c)(1). Indeed, if the claim is frivolous on its face, a district court may dismiss the suit before the plaintiff has exhausted his state remedies. § 1997e(c)(2).

*Id.* at 650, 124 S. Ct. at 2126, 158 L. Ed. 2d 924.

Complaints which are filed *in forma pauperis* are also subject to review under 28 U.S.C. §1915(e)(2) and may be dismissed at any time if the court determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary damages against a defendant who is immune from such relief.

In the instant case, the Pro Se Office has not concluded its initial review to determine whether plaintiff is entitled to any relief or to a response from defendant. The Pro Se Office

2

reports that it is taking appropriate action in this regard. Until the Pro Se Office and this court complete an initial review, the court will not consider the relief that plaintiff requests.

Accordingly,

IT IS ORDERED that plaintiff's Motion for Temporary Restraining Order/Preliminary Injunction [Doc. 7] be and is hereby DENIED as untimely. Plaintiff may re-urge his Motion if the court determines after an initial review that his case should not be dismissed.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, on September 26, 2008.

KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE