
RECEIVED
IN LAKE CHARLES, LA
APR 20 2009
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| WILLIAM HENRY WHITE | CIVIL ACTION NO. 08-1122-LC<br>SEC. P |
| VS. | JUDGE TRIMBLE |
| MAJOR RAGLE, ET AL | MAGISTRATE JUDGE KAY |

## REPORT AND RECOMMENDATION

Before the court is a civil rights (42 U.S.C. § 1983) Complaint filed *in forma pauperis* by pro se plaintiff William Henry White on July 29, 2008. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC). He is incarcerated at the C. Paul Phelps Correctional Center (CPP) in DeQuincy, Louisiana. Plaintiff alleges his civil rights were violated while incarcerated at CPP, and he names the following as defendants herein: Major Ragle: Nurse L. Lewis, Gene Wilson, Lt. Col. Meyers, Nurse Bordelon, Major Brent Thompson, Frank Nocilla, Joe Ruebush, Roy Williams, Taura Ware, Wilbuin Sellers, Darin Davis, Nathan Cain, Denise Scott, Robert Henderson, Tammi Arrant, Linda Derise, Jeffrey Red, Jerry Williams, Chris Deshotel, James Graham, Nurse Lee, Dr. Crawford, Jonathan Comeaux, Natasha Hines Jackson, John/Jane Doe (Hunt Correctional Center employee), and K. Midkiff.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

## STATEMENT OF THE CASE

The claims made the basis of plaintiff's suit herein begin with his March 12, 2007 transfer from Hunt Correctional Center to CPP. His major complaint is denial/inadequate medical care. He goes on to allege, among other claims, retaliation, poor work and living conditions, harassment, lack of positive responses to his ARP's, failure to transfer him from lockdown, and the filing of false disciplinary reports.

As a result of the above actions, plaintiff claims that he suffered mental anguish, humiliation, loss of funds, physical abuse, and ailments (such as head colds and hemorrhoids). As relief, plaintiff seeks punitive damages for pain, suffering, and mental anguish, as well as compensation for the deprivation of education, medication, news, and entertainment. Plaintiff also requests a transfer to a facility in his geographic area of Baton Rouge that has a sufficient medical program to treat his health needs.

## LAW AND ANALYSIS

### I. Frivolity Review

Plaintiff has been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. Under 28 U.S.C. § 1915(e)(2)(B), a district court is directed to dismiss an action if the court determines that the action is frivolous or malicious or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e); *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998) (citing *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997)). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. School Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1996) (frivolity); *Bradley*, 157 F.3d at 1025 (failure to state a claim).

### II. 42 U.S.C. §1983

Section 1983 proscribes conduct by any person who, under the color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. Thus, an initial inquiry in a lawsuit filed under § 1983 is

2

whether plaintiff has alleged that his constitutional rights have been violated. If no constitutional violation has been alleged, there is no cognizable claim under § 1983. In order to hold the defendants liable under 42 U.S.C. § 1983, the plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of state law, that is, that the defendant was a state actor. *Hessbrook v. Lennon*, 777 F.2d. 999, 1005 (5th Cir. 1985).

Based upon plaintiff's pleadings, the court is convinced that plaintiff has presented the best case which could be presented by him under the circumstances, and that further amendment of the pleadings would serve no useful purpose. Accepting all of plaintiff's allegations as true, and giving plaintiff the benefit of every doubt, the court concludes, for the reasons stated hereinafter, that he has failed to state a claim for relief, that his claims are frivolous as a matter of law, and that his Complaint should therefore be dismissed with prejudice.

### III. Medical Care Claims

Medical care claims asserted by convicted prisoners, like plaintiff, are analyzed under the Eighth Amendment's prohibition of cruel and unusual punishment. In order to prevail on such claims, convicts must establish that the refusal or delay in providing medical care was "sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976). Deliberate indifference in the context of the failure to provide reasonable medical care to a convicted prisoner means that: (1) the prison officials were aware of facts from which an inference of substantial risk of serious harm could be drawn; (2) the officials actually drew that inference; and (3) the officials' response indicated that they subjectively intended that harm occur. *Thompson v. Upshur County, Tex.*, 245 F.3d at 458-59. "[T]he failure to alleviate a significant risk that [the official] <u>should have perceived</u>, but did not is insufficient to show deliberate indifference." *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d

3

752, 756 (5th Cir. 2001) (emphasis added). Moreover, "deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm." *Thompson*, 245 F.3d at 459. "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997); *see also Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir. 1999).

The fact that a plaintiff disagrees with what medical care is appropriate or with the course of treatment offered by the medical staff does not state a claim of deliberate indifference to serious medical needs. *See Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997); *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1992); *Mayweather v. Foti*, 958 F.2d 91 (5th Cir. 1991); *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985); *Callaway v. Smith County*, 991 F. Supp. 801, 809 (E.D. Tex. 1998). In *Woodall . Foti*, 648 F.2d. 268, 272 (5th Cir. 1981), the Fifth Circuit Court of Appeals stated that the test in balancing the needs of the prisoner versus the needs of the penal institution is one of medical necessity, not of desirability. The fact that a plaintiff does not believe that his medical treatment was as good as it should have been is not a cognizable complaint under the Civil Rights Act. Prisoners are not constitutionally entitled to the best medical care that money can buy. *Mayweather*, 958 F.2d. 91. Merely alleging a prison doctor should have undertaken additional diagnostic measures or utilized an alternative method of treatment does not elevate a claim to constitutional dimension. *Varnado*, 920 F.2d at 321. Furthermore, the fact that plaintiff continues to suffer from pain is insufficient to establish that a constitutional violation has occurred. *Mayweather*, 958 F.2d 91.

In the instant case, the information contained in plaintiff's complaint indicates that plaintiff received medical treatment, including various examinations. Specifically, upon his arrival at CPP, he was placed in quarantine, x-rayed, and given medication. Plaintiff states that he was taken to the hospital in April and July 2007, was given oxygen, was prescribed Flovent from

April-May 2007 and had surgery on August 1, 2007. He admits that he was examined at CPP on other occasions, such as August 6, 2007. He was also examined at the hospital on August 7, 2007, and again at CPP on August 8, 2007.

Plaintiff's allegations, at most, state a disagreement amongst himself and the medical staff regarding the procedures to treat his medical problems. As previously stated, such claims are insufficient to establish that a constitutional violation has occurred, and based upon all allegations of plaintiff, the undersigned concludes that the defendants did not act with deliberate indifference to plaintiff's serious medical needs. Furthermore, the existence of continuous medical care normally precludes a finding of deliberate indifference on the part of prison officials. *Banuelos v. McFarland*, 41 F.3d 232, 235(5th Cir. 1995). Plaintiff admits and his pleadings demonstrate, that he had many medical appointments and has received medical care. Plaintiff's claims do not establish that a constitutional violation has occurred. Accordingly, this court finds that plaintiff's medical care claims should be dismissed for failing to state a claim pursuant to 28 U.S.C. § 1915A(b)(1).

## IV. Grievances

Plaintiff also alleges that defendants failed to address or adequately respond to various grievances he filed. Inasmuch as the result of these complaints and grievances have no bearing on the duration of plaintiff's confinement, plaintiff cannot show the existence of a state created liberty interest in their investigation and ultimate resolution. See *Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995). "[W]hen the claim underlying the administrative grievance involves a constitutional right, the prisoner's right to petition the government for redress is the right to access to the courts, which is not compromised by the prison's refusal to entertain his grievance." *Oladipupo v. Austin*, 104 F. Supp.2d 626, 637 (W.D. La. 2000) (citing *Flick v. Alba*, 932 F.2d 728 (8th Cir. 1991)).

As plaintiff does not have a constitutional right to have his grievances entertained, it follows that the defendants did not have a duty to take action with regard to plaintiff's grievances. Consequently, plaintiff's claims that the failure to adequately address his grievances lack an arguable basis in law and should be dismissed as frivolous as such claims are not cognizable under § 1983.

**V. Retaliation**

It is well established that prison officials may not retaliate against an inmate because that inmate exercised a right guaranteed to him under the constitution. *Woods v. Smith*, 60 F.3d 1161, 1164 (5th Cir. 1995). However, the Fifth Circuit has repeatedly emphasized that claims of retaliation from prison inmates must be regarded with skepticism, lest federal courts embroil themselves in every disciplinary act that occurs in penal institutions. *Woods*, 60 F.3d at 1166. To state a claim of retaliation, a prisoner must allege facts that establish: (1) the exercise of a specific constitutional right, (2) the defendant had the intent to retaliate against the prisoner for the exercise of that right, (3) a retaliatory adverse act occurred, and (4) causation. Causation requires a showing that "but for the retaliatory motive the complained of incident . . . would not have occurred." *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997) (quoting *Woods*, 60 F.3d at 1166). "The inmate must allege more than his personal belief that he is the victim of retaliation." *Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir. 1999). "The inmate must produce direct evidence of motivation or, the more probable scenario, allege a chronology of events from which retaliation may plausibly be inferred." *Id.* (quoting *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995)).

Plaintiff claims that the defendants issued bogus disciplinary reports as an act of retaliation against him. However, plaintiff fails to offer anything more than conclusory allegations in support of this claim. He has failed to allege a pattern of retaliation. Conclusory

6

allegations of retaliatory motive or intent are not sufficient. The inmate must produce direct evidence of retaliatory motivation or "'allege a chronology of events from which retaliation may be plausibly inferred.'" *Id.* (quoting *Cain v. Lane*, 857 F.2d 1139, 1143 n.6 (7th Cir. 1988)).

In the present case, plaintiff's allegations of retaliation are insufficient to state a claim of retaliation. For this reason, plaintiff's claim for retaliation should fail.

## VI. Conditions of Confinement

In order to establish an Eighth Amendment violation, an inmate must establish both a subjective and objective component. The <u>objective</u> requirement necessitates that the inmate allege a sufficiently serious deprivation. *Wilson v. Seiter*, 501 U.S. 294, 298, 111 S. Ct. 2321, 115 L. Ed. 2d 271 (1991). "Only those deprivations denying 'the minimal civilized measure of life's necessities are sufficiently grave' to constitute cruel and unusual punishment." *Id.* (*quoting Rhodes v. Chapman*, 452 U.S. 337, 349, 101 S. Ct. 2392, 69 L. Ed. 2d 59 (1981)). While no precise definition determines what type of deprivations are construed as ones which deny an inmate the "minimal civilized measures of life necessities," the United States Supreme Court has held that such things as food, warmth, exercise, safety, adequate medical care, and protection from physical abuse by other inmates qualify. *Farmer v. Brennan*, 511 U.S. 825; 114 S. Ct. 1970; 128 L. Ed. 2d 811 (1994); *Wilson*, 501 U.S. 294, 298, 111 S. Ct. 2321, 115 L. Ed. 2d 271; *Estelle v. Gamble*, 429 U.S. 97, 97 S. Ct. 285, 50 L. Ed 251 (1976).

The <u>subjective</u> component requires that a prison official act with a sufficiently culpable state of mind. *Farmer*, 511 U.S. at 838-39; 114 S. Ct. at 1979; 128 L. Ed. 2d 811. Deliberate indifference is established by showing that the defendant officials "(1) were aware of facts from which an inference of an excessive risk to the prisoner's health or safety could be drawn and (2) that they actually drew an inference that such potential for harm existed." *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998) (citing *Farmer*, 511 U.S. at 837, 114 S. Ct. at 1978, 128 L. Ed. 2d

7

811 (1994). Deliberate indifference encompasses only the unnecessary and wanton infliction of pain repugnant to the conscience of mankind; thus, the test is "subjective recklessness" as used in the criminal law. *Norton v. Dimazana*, 122 F.2d 286, 292 (5th Cir. 1997). Accordingly, negligence and even gross negligence do not implicate the Constitution and do not provide a basis for a § 1983 claim. *Farmer*, 511 U.S. at 835, 114 S. Ct. at 1978, 128 L. Ed. 2d 811 (1994) ("[D]eliberate indifference entails something more than mere negligence . . . .").

In the present case, plaintiff has alleged that he was forced to go outside in cold weather at 7:30 a.m.; that he was ordered to pour juice from two pitchers despite having had an alleged stroke in 1999, and was made to wear rubber boots that were ill fitting and caused him pain. Plaintiff's complaints do not invoke the constitution. As such, plaintiff's claim in this regard should be denied.

Furthermore, plaintiff alleges that his constitutional rights have been violated because of his transfer to CPP. Plaintiff's claims in this regard must fail as plaintiff does not have a protected liberty interest in being incarcerated in any particular prison facility. *Meachum v. Fano*, 427 U.S. 215, 225, 96 S. Ct. 2532, 2538, 49 L. Ed. 2d 451 (1976).

## CONCLUSION

Therefore,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed**

8

legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED, in chambers, in Lake Charles, Louisiana, this 20th day of April, 2009.

KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE