RECEIVED
IN LAKE CHARLES, LA
APR 27 2009
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| WILLIAM HENRY WHITE | CIVIL ACTION NO. 08-1122 |
| | SECTION P |
| VS. | JUDGE TRIMBLE |
| MAJOR RAGLE, ET AL. | MAGISTRATE JUDGE KAY |

## SUPPLEMENTAL REPORT AND RECOMMENDATION

On April 20, 2009, the undersigned authored a Report recommending dismissal of plaintiff William Henry White's *pro se* civil rights complaints. Doc. 19. On the same date, the undersigned denied plaintiff's motion for appointment of counsel. Doc. 20.

Thereafter, on April 22, 2009, plaintiff filed a motion for preliminary injunction. In this pleading, plaintiff again requested appointment of counsel, claiming "exceptional circumstances." Plaintiff also alleged that his repeated requests to be transferred to another facility have been denied. Plaintiff asserted that his requests for a geographical transfer were denied because of "write ups in retaliation for plaintiff exercising his rights to file grievances" and that he has been forced to "perform work duties that are against his health." He claimed that he is entitled to injunctive relief because "money damages will not fix plaintiff's problem" and he reasserted his claim that the defendants have acted with deliberate indifference to his serious medical needs. Plaintiff concluded his pleading by requesting that the defendants be enjoined "from discriminating, coercively writing plaintiff up and giving false and deceiving information to prolong his stay at this C. Paul Phelps Correction Center . . . so that he may seek the proper and adequate medical care that Phelps' officials have failed to provide." Doc. 21.

*Law and Analysis*

Each of the substantive claims raised in the instant pleading have been addressed in the April 20, 2009 Report and Recommendation, and, in each instance dismissal has been recommended based on established Fifth Circuit and United States Supreme Court jurisprudence. Doc. 19. For example, plaintiff's retaliation claims were found wanting because he "fail[ed] to offer anything more than conclusory allegations in support of this claim." Doc. 19, at 6-7. Likewise, plaintiff's medical care and conditions of confinement complaints were deemed frivolous because plaintiff was unable to establish that the defendants acted with deliberate indifference toward his medical care and job assignment complaints. *Id.* at 3-5, 7-8. Finally, as to plaintiff's claim that he is entitled to a geographical transfer to another prison facility, dismissal is recommended based on Supreme Court jurisprudence which specifically denies prisoners a protected liberty interest in being incarcerated at a particular facility. *Id.* at 8 (citing *Meachum v. Fano*, 427 U.S. 215, 225, 96 S. Ct. 2532, 2538, 49 L. Ed. 2d 451 (1976)).

Plaintiff's requests for appointment of counsel have also been addressed on two separate occasions. In both instances the undersigned specifically noted that plaintiff could not demonstrate the exceptional circumstances necessary to justify such an appointment, and it is upon this ground that plaintiff again seeks counsel. Doc. 16; Doc. 20.

Plaintiff now seeks a preliminary injunction based on the same claims analyzed and found wanting in the April 20, 2009 Report and Recommendation. In order to obtain such relief, a litigant must demonstrate <u>each</u> of the following: (1) a substantial likelihood of success on the merits; (2) a substantial threat that failure to grant the injunction will result in irreparable injury; (3) the threatened injury outweighs any damage that the injunction will cause to the adverse party; and (4) the injunction will not have an adverse effect on the public interest. *Women's*

*Med. Ctr. of Northwest Houston v. Bell*, 248 F.3d 411, 418-20 (5th Cir. 2001). "An injunction is an extraordinary remedy and should not issue except upon a clear showing of possible irreparable harm." *Lewis v. S.S. Baune*, 534 F.2d 1115, 1121 (5th Cir.1976).

Plaintiff simply cannot prevail because, as demonstrated in the April 20, 2009 Report and Recommendation, he has not demonstrated a substantial likelihood of success on the merits. Plaintiff seeks a transfer to another prison. However, a prisoner does not have a protected liberty interest in the location of his confinement. *Meachum*, 427 U.S. at 225, 96 S. Ct. at 2538, 49 L. Ed. 2d 451. "That life in one prison is much more disagreeable than in another does not in itself signify that a Fourteenth Amendment liberty interest is implicated when a prisoner is transferred to the institution with the more severe rules." *Id.* Since no recognized constitutionally protected liberty interests have been identified by the plaintiff, and, since no due process rights have been implicated, it is clear that plaintiff is unlikely to succeed on the merits of his claim and therefore, he is not entitled to an injunction ordering his transfer to another prison. In addition, as noted above, each of plaintiff's substantive claims have been analyzed and found to be frivolous.

Further, it would be against the public interest to issue an injunction based solely plaintiff's dissatisfaction with the present place of confinement. The Supreme Court has continuously cautioned federal courts from assuming "a greater role in decisions affecting prison administration." *Shaw v. Murphy*, 532 U.S. 223, 230, 121 S. Ct. 1475, 149 L. Ed. 2d 420, (2001); *accord Washington v. Harper*, 494 U.S. 210, 223-24, 110 S. Ct. 1028, 108 L. Ed. 2d 178 (1990); *Turner v. Safley*, 482 U.S. 78, 84-85, 107 S. Ct. 2254, 96 L. Ed. 2d 64 (1987); *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 349, 107 S. Ct. 2400, 96 L. Ed. 2d 282 (1987); *Bell v. Wolfish*, 441

U.S. 520, 547-48, 99 S. Ct. 1861, 60 L. Ed. 2d 447 (1979); *Jones v. N.C. Prisoners' Labor Union*, 433 U.S. 119, 125, 97 S. Ct. 2532, 53 L. Ed. 2d 629 (1977).

*Conclusion*

For the reasons set forth in the April 20, 2009 Report and Recommendation [doc. 19] and for the reasons set forth in the March 6 and April 20, 2009 orders denying plaintiff's request for appointment of counsel [doc. 16; doc. 20], and for the reasons set forth above,

**IT IS RECOMMENDED** that plaintiff's Motion for Preliminary Injunction and Request for Counsel [doc. 21] be **DENIED AND DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).**

Thus done and signed in Chambers, in Lake Charles, Louisiana, this ___ day of April, 2009.

KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE